WILLIAM R. WILKINS, by his next friend ELI W. WILKINS *vs.*
SAMUEL J. WILSON.

Sussex County, April Term, 1895.

**Infant.**—A minor son, who has been emancipated by his father, may acquire property
in his own name; and may, through suit by his next friend, secure the process
of the courts to support his title thereto.

**Replevin.**—In an action of replevin, if the plaintiff fails to show title in himself, he
is not entitled to recover; it is immaterial whether the defendant has or has not
any title.

**Gift. Delivery. Infant.**—When the question involves the title to a horse, alleged to have been given by a father to his son, for a consideration, and there was no actual delivery of the property by the father to the son, in the former's lifetime, yet if the jury believe from the evidence that the title to the same passed to the son under an agreement, the father relinquishing all rights thereto, the plaintiff would be entitled to recover, the suit being between original parties and no in fraud of creditors.

**Same.**—If the agreement between the father and the son be executory, and there was no actual delivery of the property to the son, and no passing of the title to him during the lifetime of the father, the jury should find for the defendant.

**Gift. Delivery.**—The title in a gift cannot pass either before or after the donor's death unless there is an actual delivery.

This was an action of replevin brought by an infant who claimed to have been emancipated by his father. He sued by his next friend to recover a horse to which he claimed to have acquired title by trading for it a mare, formerly owned by the plaintiff's father, and alleged to have been given to him prior to the death of the father. The question of fact involved was whether the plaintiff was the owner of the mare.

At the conclusion of the plaintiff's testimony *Boyce* and *Richardson*, for the defendant, moved for a non-suit on the ground, as alleged, that the suit was by a next friend, and the narr did not set forth that leave had been granted by the court to sue by a next friend ; *Wilson vs. Vandyke*, 2 Harring. 29.

*White*, for the plaintiff, thereupon asked leave to amend his narr if the court should deem it necessary, but contended that there was no necessity of so doing, because the record showed that leave had been granted to so sue.

MARVEL, J. As a fact, leave was granted for the plaintiff to sue by his next friend, and the narr filed after such permission alleges that he sues by his next friend, simply omitting to state that

leave had first been obtained; but that fact appears in the affidavit and order of the court in respect thereto. If such allegation were necessary the Court would allow an amendment, but it does not seem in this case that it would be necessary to make the allegation in the narr. The case cited from 2 Harrington does not apply to this case. We refuse the non-suit.

*White*, for the plaintiff, asked the court to instruct the jury:

(1.) That if the jury believe that there had been actual delivery, the contract was valid and effectual to pass the title to the property in question.

(2.) That if they found that there was not sufficient proof of actual delivery, yet if during his lifetime the father relinquished his title, and under the agreement between them the mare passed to the son, it was sufficient for the purposes of this suit to vest the title in the plaintiff.

Richardson, for the defendant, prayed for instructions, as follows:

(1.) That the contract, if any, was merely executory, and there being no actual delivery, no title passed.

(2.) That there could be no gift without a delivery.

(3.) That the plaintiff must show title in himself.

MARVEL, J., (charging the jury.)

This is an action of replevin brought by William R. Wilkins by his next friend, Eli W. Wilkins, for the recovery of a bay horse.

The plaintiff claims that George W. Wilkins, the father of William R. Wilkins, voluntarily emancipated him, and that he had gone away in the spring of 1893 to work on his own account, that some months thereafter, the father became ill and not able to perform his duties as mail driver, and made an agreement or contract with his son, the real plaintiff in this suit, that if he would come home and drive the mail for him, he would give him a mare which he then owned, and that he did give him a mare in consideration

for services which he (the son) was to render; that the plaintiff did return home and drove the mail and that he took possession of the mare and used her as his own, and that the father gave him the title under the agreement, and during his lifetime relinquished all his claim to her.

A father may voluntarily and expressly emancipate his minor son, as by authorizing him to go out and labor for his own benefit, and the son may under such circumstances acquire property in his own name, and may, through suit by his next friend, secure the process of the Court to support his title thereto.

In an action of replevin the plaintiff must recover upon the strength of his own title, and it is immaterial whether the defendant has or has not any title. If the plaintiff fails to show title in himself, he is not entitled to recover. In this case the property in question is a bay horse, the title to which the plaintiff claims through his title to a mare, which mare he traded and thereby secured the horse in question. It is admitted on both sides that the title in the mare was in the father until about September, 1893. Now the plaintiff claims the title to the mare through and by the agreement with the father.

If you believe from the evidence that the contract or agreement alleged to have been made between the plaintiff and his father was actually made and that the property, which in this case was the mare, was actually delivered during the lifetime of the father, then the plaintiff would be entitled to recover. If, however, there was no actual delivery before the death of the father, but you believe from the evidence that under the agreement the title to the mare passed to the son, the father relinquishing all his right, then in that case the plaintiff would also be entitled to recover, the suit between being the original parties and not in fraud of creditors.

If, on the other hand, you believe, however, that the contract or agreement which was made between the father and the son was executory; that is, one that was to be performed in the future, and that there was no actual delivery of the mare to the son and no passing of the title to him during the lifetime of the father, then

in that case your verdict should be for the defendant. Or, if you believe that the mare was a gift of the father without condition and that there was no actual delivery during the lifetime of the father, then in that case, the defendant would be entitled to recover, because the title in a gift cannot pass either before or after death, unless there was an actual delivery of the property.

It is now for you to say, from all the evidence in the case and the law applicable thereto as the Court has given it to you, whether the plaintiff has established his title to the property in question. If he has so established it to your satisfaction your verdict should be in favor of the plaintiff. If he has failed so to do, your verdict should be for the defendant and the damages should be the value of the horse as proved.

*Verdict for the plaintiff for six cents.*